UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DENETRA THOMAS | * | CIVIL ACTION |
| VERSUS | * | NO.: |
| HERCULES OFFSHORE SERVICES, LLC and HERCULES OFFSHORE, INC. | * | SECTION: |
| * * * * * * * | * | MAGISTRATE: |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes DENETRA THOMAS, a person of full age of majority and a resident of the Parish of Lafayette, State of Louisiana, and for her Complaint, he respectfully avers as follows:

I.

Plaintiff is an American seaman and brings this action pursuant to Title 46 U.S.C. 30104 and pursuant to the general maritime law of the United States. Plaintiff hereby designates her claims in admiralty pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

II.

Plaintiff, DENETRA THOMAS, at all times pertinent hereto, was a person of the full age of majority and resident of Ville Platte, Louisiana.

III.

At all time pertinent hereto, Defendant, HERCULES OFFSHORE SERVICES, INC., was and is a corporation with its principal place of business in Louisiana located in Baton Rouge, Louisiana.

At all time pertinent hereto, Defendant, HERCULES OFFSHORE, INC., was and is a foreign corporation with its principal place of business in Houston, Texas.

1

IV.

At all times pertinent hereto, defendants were the employer of Plaintiff, DENETRA THOMAS, and/or the owner and/or operator of the M/V RIG 264 on the navigable waters of the United States of America within the jurisdiction of this Honorable Court.

V.

At all times pertinent hereto, Plaintiff, DENETRA THOMAS, was employed by the defendants as a seaman and member of the crew of the M/V RIG 264 and acting within the course and scope of her employment as a galley hand on said vessel.

VI.

On or about May 26, 2013, Plaintiff, DENETRA THOMAS, was injured when she was caused to trip and fall to the deck on the M/V RIG 264 .

VII.

Plaintiff was in no manner negligent.  On information and belief, Plaintiff alleges that the sole and proximate cause of her injuries, as described herein, was the negligence and/or failure of the Defendants, and their servants and/or agents, in carrying out their obligations and duties, individually and concurrently and/or the unseaworthiness of the vessel named herein for one or more of the following respects:

1. Failing to provide Plaintiff with a safe place in which to work;
2. Failure to warn the plaintiff;
3. Failure to warn plaintiff of the dangerous and unsafe conditions of the vessel;
4. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the vessel;
5. Creation and maintenance of an unseaworthy vessel, and failure to properly

       maintain the vessel;

6.     Failure to provide plaintiff with the proper equipment and/or personnel to accomplish her job in a reasonably safe manner;

7.     Failure to properly train employees, and/or hiring and/or retaining careless and/or unskilled employees

8.     Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;

9.     Failure to provide prompt and adequate medical care, treatment, maintenance and cure, thereby causing additional paind and suffering and damages;

10.    Other acts of negligence and conditions of unseaworthiness to be proven at the trial of this case.

### VIII.

As a result of the above and foregoing enumerated negligent acts and/or unseaworthy conditions, Plaintiff, DENETRA THOMAS, sustained severe bodily injuries, including possible ruptured discs and nerve damage, and other injuries to her bones, muscles and joints, organs and tissues among other component parts of her body.

### IX.

As a result of the above and foregoing enumerated negligent acts and/or unseaworthy conditions, Plaintiff, DENETRA THOMAS, has sustained damages in one or more of the following categories, to-wit:

1.     Past and future medical expenses;

2.     Past and future wage loss or diminution of earning capacity;

3.     Past and future physical and mental pain and suffering;

4.     Past and future loss of household services;

5.     Punitive/exemplary damages as may be allowed under the general maritime law;

6.      Other damages to be shown at the trial of this matter.

X.

Pleading further, in the alternative, if it be shown that Plaintiff, DENETRA THOMAS, was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

XI.

Plaintiff, DENETRA THOMAS, would show that on the above mentioned dates, she was injured while in the service of the vessel named herein.  As a result, Defendants had and continues to have a non-delegable duty to provide the Plaintiff, DENETRA THOMAS, with maintenance and cure benefits.  Plaintiff, DENETRA THOMAS, would show that she has not reached maximum medical improvement and that Defendants' duty continues.  The maintenance rate owed to Plaintiff, DENETRA THOMAS, by defendants is upon information and belief approximately $50.00 (FIFTY AND 00/100 DOLLARS) per day.

XII.

Should Defendants unreasonably, willfully, wantonly arbitrarily and/or capriciously deny payment and/or unreasonably, willfully, wantonly, arbirtartily and/or caprciously delay payment for maintenance and/or cure or pay an insufficient amount, then Defendants are legally liable to Plaintiff, DENETRA THOMAS, for compensatory damages, attorney's fees, costs and exemplary/punitive damages.

WHEREFORE, premises considered, Plaintiff, DENETRA THOMAS, prays that this Complaint be deemed good and sufficient, and after due proceedings had and the expiration of all legal delays herein:

1.      There be judgment in favor of the plaintiff, DENETRA THOMAS, and against

Defendants, GALLIANO MARINE SERVICE, LLC and OFFSHORE SERVICE VESSELS, LLC, in an amount to be determined by the trier of fact, pre-judgment interest from the date of occurrence and other legal interest as allowed by law until paid, and for all costs of Court;

2. There be a judgment rendered herein in favor of the plaintiff and against the defendants for maintenance and cure benefits, past, present, and future at a daily rate of FIFTY ($50.00) DOLLARS, or such amount as plaintiff proves to be legally entitled to, plus interest from the date of occurrence and other legal interest as allowed by law until paid, all costs of Court, and reasonable attorney's fees therefore, all in a true sum to be determined at the trial of this case;

3. There be judgment herein in favor of the plaintiff and against the defendants for for compensatory damages, attorney's fees, costs and exemplary/punitive damages for any willful, wanton, arbitrary, and/or capricious, failure and/or refusal to pay and/or delay in paying plaintiff's maintenance and cure benefits, in an amount to be determined at trial, together with interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings;

4. For any and all other relief which the law and justice provide.

                RESPECTFULLY SUBMITTED:

                __s/ David C. Whitmore_____
                LAWRENCE BLAKE JONES  (7495)
                DAVID C. WHITMORE      (17864)
                SCHEUERMANN & JONES, LLC
                701 Poydras Street, Suite 4100
                New Orleans, LA 70139
                Telephone:  (504) 525-4361
                Facsimile:  (504) 525-4380