UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DENETRA THOMAS                                                        CIVIL ACTION

VERSUS                                                                15-33-SDD-EWD

HERCULES OFFSHORE SERVICES,
LLC., ET AL.

### RULING

This matter is before the Court on the *Motion for Partial Summary Judgment on Liability*[1] filed by Defendants, Hercules Offshore Services, LLC., et al. ("Defendants"). The Plaintiff, Denetra Thomas, ("Thomas") has filed an *Opposition*[2], to which Defendants filed a *Reply*.[3] For the following reasons, the Court finds that Defendants' *Motion for Partial Summary Judgment on Liability*[4] should be GRANTED.

Also before the Court is the Defendants' *Motion for Partial Summary Judgment on Maintenance and Cure Claims*.[5] Thomas has filed an *Opposition*[6], to which Defendants filed a *Reply*.[7] For the following reasons, the Court finds that Defendants' *Motion for Partial Summary Judgment on Maintenance and Cure*[8] should be GRANTED.

---

[1] Rec. Doc. 17.
[2] Rec. Doc. 20.
[3] Rec. Doc. 23.
[4] Rec. Doc. 17.
[5] Rec. Doc. 18.
[6] Rec. Doc. 21.
[7] Rec. Doc. 22.
[8] Rec. Doc. 18.
40096

## I.     FACTUAL BACKGROUND[9]

This case presents seaman injury claims under the Jones Act. The Plaintiff, Thomas, was hired by Defendants to work as a galley hand on board the Hercules 264 ("Hercules") in November of 2012. According to Thomas, on May 26, 2013, around 10:00 p.m., she left her stateroom on the Hercules and went to the adjoining bathroom. As she was attempting to return to her stateroom, she tripped over the threshold of the door connecting the bathroom to the stateroom. The threshold in question was approximately two inches in height.[10] Thomas stated in her deposition: "After I used the bathroom, I turned the light off, my left foot hit the threshold and I fell on my right side."[11] Thomas returned to her bed and awoke with right hip and leg pain the following morning. She informed the Office Instillation Manager ("OIM") and medic on the Hercules that she was in pain due to her fall the previous night.

Thomas filed suit on January 26, 2015, alleging that she suffered severe injuries, including possible ruptured discs, nerve damage, and other tissue damage as a result of her May 26, 2013 fall on the Hercules. Thomas alleges that the Hercules was unseaworthy and that the Defendants were negligent. Thomas filed an *Amended Complaint*[12] against Defendants on January 27, 2015, to which the Defendants filed an *Answer*.[13] On September 3, 2015, Defendants sought and received leave of Court to file

---

[9] The Court bases the factual background on Rec. Docs. 1, 2, 17, 20, 23.
[10] Rec. Doc. 17-3.
[11] Rec. Doc. 17-4, p. 17, "Page 67", ll. 5-7.
[12] Rec. Doc. 2.
[13] Rec. Doc. 7.
40096

an *Amended Answer* and *Counter-Claim*.[14]  In their *Counter-Claim*, Defendants allege that they had no maintenance and cure obligation to Thomas because she failed to disclose prior injuries on her employment application, and "[t]he non-disclosed facts were material to Defendants' decision to hire the Plaintiff."[15]  Thomas does not dispute that she was injured in 2008 and 2009.[16]

## II.   LAW AND ANALYSIS
### A. Summary Judgment Standard

 "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17]  "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[18]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[19]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[20]  However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a

---

[14] Rec. Docs. 12 and 13.
[15] Rec. Doc. 14, p. 7.
[16] Rec. Doc. 21, pp. 1-2.
[17] Fed. R. Civ. P. 56(a).
[18] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[19] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[20] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
40096

scintilla of evidence."[21]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[22] All reasonable factual inferences are drawn in favor of the nonmoving party.[23] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[24] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; the plaintiff [can]not rest on his allegations … to get to a jury without any 'significant probative evidence tending to support the complaint.'"[25]

The parties have sought a bench trial in the present case.

> The Fifth Circuit has recognized that "a district court has somewhat greater discretion to consider what weight it will accord the evidence [presented on a motion for summary judgment] in a bench trial than in a jury trial."[26] If a "[bench] trial on the merits will not enhance the court's ability to draw inferences and conclusions, then a district court properly should 'draw his inferences without resort to the expense of trial.'"[27] However, the Fifth Circuit has cautioned that "a district court must be aware that assessments of credibility come into sharper focus" at the time of trial, therefore, "even at the summary judgment stage a judge in a bench trial has the

---

[21] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[22] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[23] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[24] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[25] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249)).
[26] *Turner v.* Pleasant, 10-cv-7823, 2013 WL 823426 at*7 (E.D. La. Mar. 6, 2013).. (quoting *In re Placid Oil Co.*, 932 F.2d 394, 397 (5th Cir. 1991)).
[27] *Id.* (quoting *Placid Oil Co.*, at 398 (quoting *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978)).
40096

> limited discretion to decide that the same evidence, presented to him or her as trier of fact in a plenary trial, could not possibly lead to a different result."[28]

The Summary Judgment Motions before the Court are analyzed in accordance with this standard.

### B. Jones Act Legal Standard

The Jones Act[29] governs the present case and "allows an injured seaman to sue his employer for personal injuries suffered as a result of the employer's negligence."[30] Thomas' claim turns on whether the height of the threshold presented an unreasonable risk of harm, or that the threshold rendered the Hercules unseaworthy. As the United States Supreme Court has long held, "what has evolved in our case law [] is the complete divorcement of unseaworthiness liability from concepts of negligence."[31] Accordingly, the Court will analyze Thomas' unseaworthiness claims and negligence claims separately.

*i. Unseaworthiness*

Defendants posit that, "[t]he mere existence of a raised doorframe in a doorway, measuring approximately two inches high by three and a half inches wide, does not render the vessel unseaworthy, especially when it serves to keep the vessel safer."[32] According to Plaintiff, "the crux of the issue in this case is, instead, indeed whether the doorway was, 'deficient or in need of repair' because of the obstruction which existed; the point of fact is that there are no rules or regulations which *require* a raised threshold in this location."[33]

---

[28] *Id.*
[29] 46 U.S.C. § 30104.
[30] *Park v. Stockstill Boat Rentals, Inc.*, 492 F.3d 600, 602-03 (5th Cir. 2007).
[31] *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 499, 91 S.Ct. 514, 517, 27 L.Ed. 2d 562 (1971)(internal citations omitted).
[32] Rec. Doc. 17-1, p. 9.
[33] Rec. Doc. 20, p. 5 (emphasis original).
40096

In support of their argument, Defendants cite to United States Coast Guard ("USCG") Rules and Regulations, as well as the "conventional practices" articulated by the American Bureau of Shipping ("ABS") which permit interior thresholds to measure two inches in height.[34] According to Defendants, "[t]he undisputed fact that there are no other recorded incidents of tripping over this doorway is proof enough that this doorway was reasonably fit for their purpose and that it did not present an unreasonable risk of harm."[35]

To establish her unseaworthiness claim, Thomas "must prove that the [vessel] owner has failed to provide a vessel…which is reasonably fit and safe for the purposes for which it is to be used."[36] The Fifth Circuit in *Lett v. Omega Protein, Inc.* stated, "[a] vessel can be unseaworthy if its gear [is] defective, its appurtenances [are] in disrepair, or its crew [is] unfit."[37] The *Lett* court further held, "[t]o establish causation, a seaman must prove that the unseaworthy condition played a substantial part in bringing about or actually causing the injury and was either a direct result or a reasonably probable consequence of the unseaworthiness."[38]

Thomas contends that the threshold "may also render the vessel unseaworthy, in that the [threshold] was not safe for its intended use and the obstruction was a substantial factor in bringing about the plaintiff's injuries."[39] The evidence before the Court establishes that the Hercules was a USCG inspected ship.[40] The United States Supreme

---

[34] *Id.* at p. 6.
[35] *Id.* at p. 9.
[36] *White v. Fla. Marine Transporters, Inc.*, 11-cv-1161, 2012 WL 1438268 at *4 (E.D. La. Apr. 25, 2012)(quoting *Boudreaux v. United States*, 280 F.3d 461, 468 (5th Cir. 2002)).
[37] 487 Fed. Appx. 839, 844 (5th Cir. 2012)(internal quotations omitted) (quoting *Usner v. Luckenbach Overseas Corp.*, 400 U.S. at 499).
[38] *Id.* (quoting *Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1354 (5th Cir. 1998)).
[39] Rec. Doc. 20, pp. 8-9.
[40] Rec. Docs. 23-2, 23-3, 23-4.

Court in *Chao v. Mallard Bay Drilling, Inc.*, held "…OSHA's regulations have been pre-empted with respect to *inspected* vessels, because the Coast Guard has broad statutory authority to regulate the occupational health and safety of seamen aboard inspected vessels."[41] Thomas provides no evidence that the threshold in question was a violation of USCG regulations. Instead, Thomas argues, "there are no rules or regulations which *require* a raised threshold in this location."[42] The absence of a requirement of a raised threshold does not render the presence of a raised threshold "defective."

The Fifth Circuit in *In re Cooper/T.Smith* held that a plaintiff's claim for unseaworthiness could not survive a motion for summary judgment when plaintiff's only evidence was her own subjective opinion.[43] The summary judgment evidence before the Court, like the record in *In re Cooper*, demonstrates that Hercules complied with USCG regulations. Like the plaintiff in *In re Cooper*, Thomas presents no evidence, other than her own opinion, that the threshold was defective and, thus, unseaworthy. Thomas' subjective opinions that the threshold was defective and unseaworthy fail to create a genuine issue of material fact. Conclusory, unsupported assertions are insufficient to create a material issue of fact or defeat a motion for summary judgment.[44] Accordingly, Defendants' *Motion for Summary Judgment* of Thomas' unseaworthiness claim is GRANTED.

---

[41] 534 U.S. 235, 122 S.Ct. 738, 740, 151 L.Ed.2d 659 (2007).
[42] *Id.* at p. 5.
[43] 939 F.2d 1073, 1078 (5th Cir. 1991).
[44] *See, e.g.*, *Clark v. America's Favorite Chicken Co.,* 110 F.3d 295, 297 (5th Cir. 1997)("Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment.") *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995)("conclusory allegations unsupported by concreate and particular facts will not prevent an award of summary judgment"); *Krim v. BancTexas Group, Inc.,* 889 F.2d 1435, 1449 (5th Cir. 1993)(internal quotation marks and citation omitted)(summary judgment is appropriate if "nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation").
40096

ii. *Negligence*

The Jones Act allows "[a] seaman injured in the course of employment to sue his employer for personal injuries suffered as a result of the employer's negligence."[45] Hercules is held to the standard of care of ordinary prudence under the circumstances.[46] The *Lett* court held:

> An employer has a continuing duty to provide a reasonably safe place to work and to use ordinary care to maintain the vessel in a reasonably safe condition. Because the amount of care exercised by a reasonably prudent person varies in proportion to the danger known to be involved in what is being done, it follows that the amount of caution required, in the use of ordinary care, will vary with the nature of what is being done.[47]

Thomas' "burden of proving causation in a Jones Act negligence claim has been deemed slight, as a seaman must only show that his employer's negligence is the cause, in whole or in part, of his injury."[48]

Under the Jones Act, "a seamen's employer is liable for damages if the employer's negligence caused the seaman's injury, in whole or in part."[49] "To prevail in a Jones Act negligence claim, the plaintiff must present some evidence from which the fact finder can infer that an unsafe condition existed and that the vessel owner either knew, or in the exercise of due care should have known, of the condition."[50]

---

[45] *Lett*, 487 Fed. Appx. at 843 (internal quotations omitted)(citing 46 U.S.C. § 30104).
[46] *See Id.* (internal quotations omitted)(citing *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 338 (5th Cir. 1997)).
[47] *Id.* (internal citations omitted).
[48] *Id.* (internal citations omitted).
[49] *Gautreaux v. Scurlock Marine, Inc.,* 107 F.3d 331, 335 (5th Cir. 1997)(en banc).
[50] *Martinez v. Offshore Specialty Fabricators, Inc.*, 481 Fed.Appx. 942, 945, 947 (5th Cir. 2012)(citing *Perry v. Morgan Guar. Trust Co. of N.Y.*, 528 F.2d 1378, 1379 (5th Cir. 1976)).
40096

Defendants again argue that Thomas' claim for negligence is "only supported by her own testimony."[51] Because "there will be no expert testimony to support Plaintiff's argument that Hercules was negligent…,"[52] Defendants aver they are entitled to summary judgment. As with her unseaworthiness claim, Thomas' only support for her negligence claim is her subjective opinion that the threshold was an unsafe condition. Plaintiff presents no evidence that Defendants knew or should have known of the unsafe condition. To the contrary, Defendants presented unrefuted summary judgment evidence that "there are no other recorded incidents of tripping over this doorway".[53] Thomas again cites no USCG regulation and provides no expert testimony that the threshold presented an unsafe condition.

The plaintiff in *In Re Cooper* also asserted a Jones Act negligence claim. The Fifth Circuit held that the plaintiff's negligence claim failed because, as with her unseaworthiness claim, she provided no evidence, "circumstantial or otherwise,"[54] other than her opinion regarding the vessel owner's negligence. Like the plaintiff in *In Re Cooper*, Thomas has provided no summary judgment evidence other than her own subjective opinion that the threshold constitutes an unsafe condition and, thus, Defendants were negligent. Thomas has presented no genuine issue of material fact that precludes summary judgment on this claim. Defendants' *Motion for Summary Judgment* of Thomas' negligence claim is GRANTED.

---

[51] Rec. Doc. 17-1, p. 10.
[52] *Id.*
[53] *Supra*, Note 38.
[54] *In Re* Cooper, 939 F.2d at 1078.
40096

### C. Maintenance and Cure

The remaining motion before the Court is Defendants' *Motion for Partial Summary Judgment on Maintenance and Cure.*[55] Defendants pray that "Plaintiff's claim for maintenance and cure be dismissed and that the Court determine that Hercules is entitled to a credit in the amount of $44,237.07 for all maintenance and cure paid to Plaintiff, in the [event] that a judgment is issued against Hercules."[56] Thomas counters that there are genuine issues of fact as to whether she intentionally concealed prior injuries and whether the *McCorpen* defense applies to the present case.

"Maintenance and cure is a contractual form of compensation afforded by general maritime law to seamen who fall ill or are injured while in the service of a vessel."[57] The Fifth Circuit in *Brown v. Parker Drilling Offshore Corporation* held that, "[a] Jones Act employer is entitled to investigate a seaman's claim for maintenance and cure benefits. An employer is allowed to rely on certain legal defenses to deny these claims."[58] A defendant may assert the "defense [] that the injured seamen willfully concealed from his employer a preexisting medical condition"[59] – the *McCorpen* defense. For Defendants to successfully assert the *McCorpen* defense, they must show: "(1) the claimant intentionally misrepresented or concealed medical facts; (2) the non-disclosed facts were material to

---

[55] Rec. Doc. 18.
[56] Rec. Doc. 18-1, p. 18.
[57] *Jauch v. Nautical Servs.*, 470 F.3d 207, 212 (5th Cir. 2006).
[58] 410 F.3d 166, 171 (5th Cir. 2005).
[59] *Id.*

40096

the employer's decision to hire the claimant; and (3) a connection exists between the withheld information and the injury complained of in the lawsuit."[60]

Defendants maintain, and Thomas "does not dispute,"[61] that she suffered injuries in two prior car accidents, and she failed to disclose these prior injuries in her pre-employment physical and medical questionnaire.  It is Thomas' position, however, that there is a material issue of fact as to whether or not she "'intentionally' concealed these minor injuries, which occurred over three years before the time of her application."[62]  In *Brown*, the Fifth Circuit held that the "intentional concealment element [of the *McCorpen* defense] does not require a finding of subjective intent."[63]  The Fifth Circuit has held that the intentional concealment element:

> [r]efers to the rule that a seamen may be denied maintenance and cure for failure to disclose a medical condition only if he has been asked to reveal it.  Failure to disclose medical information in an interview or questionnaire that is obviously designed to elicit such information therefore satisfies the "intentional concealment" requirement.[64]

When prompted in her Medical Questionnaire about whether she had sustained an injury or sought medical attention for any physical injuries, Thomas failed to indicate that she had sought medical attention for the injuries she sustained in 2008 and 2009.[65]  Thomas' medical records clearly indicate that she sought medical treatment on both occasions.[66]  Accordingly, Thomas failed to disclose medical information on the questionnaire that was

---

[60] *Id.*
[61] Rec. Doc. 21, p. 1.
[62] *Id.* at p.2.
[63] *Brown*, 410 F.3d at 174.
[64] *Brown*, 410 F.3d at 174, citing, *Vitcovich v. Ocean Rover O.N* 94-cv-35047, 106 F.3d 411, 1997 WL 21205, *3 (9th Cir. Jan. 14, 1997).
[65] Rec. Doc. 18-23, p. 11.
[66] Rec. Docs. 18-16, pp. 1-2, 18-17, 18-20, pp. 1-3, 18-21.
40096

obviously designed to illicit such information. The intentional concealment element of the *McCorpen* defense is therefore easily met.

Defendants maintain that Thomas' previous injuries were material to their hiring process. Thomas "strongly disputes whether the failure to disclose these minor injuries was material to [Defendant's] hiring process, and believes that there are genuine issues of material fact which preclude summary judgment in the defendants' favor."[67] In *Lett*, the Fifth Circuit reaffirmed its holding in *Brown* regarding the second element of the *McCorpen* defense:

> In *Brown*, we stated that the fact that an employer asks a specific medical question on an application, and that the inquiry is rationally related to the applicant's physical ability to perform his job duties renders the information material for the purpose of this analysis.[68]

Defendants specifically asked Thomas if she had any injures and sought medical treatment for said injuries in the questionnaires. Eric Ferguson ("Ferguson"), the Human Resources director for Hercules, attested:

> Hercules requires applicants to disclose prior injuries and/or diseases to certain body parts in order to form an overall assessment of whether the prospective employee is capable of performing the work required of him or her. Had Hercules been aware of [Thomas'] prior history of injuries, it would have inquired further concerning her medical history prior to hiring her.[69]

The questions regarding Thomas' prior medical history were posed in order for Hercules to determine whether she was capable to perform her job; whether Thomas was ultimately able to perform her job notwithstanding prior undisclosed injuries is not a bar to the

---

[67] Rec. Doc. 21, p. 2.
[68] *Lett*, 487 Fed.Appx. at 849 (internal citations omitted).
[69] Rec. Doc. 18-28, pp. 4-5.
40096

*McCorpen* defense.[70] Considering Ferguson's uncontroverted affidavit, and the standard articulated in *Brown*, the second element of the *McCorpen* defense is satisfied.

The final element of the *McCorpen* defense requires a connection between the withheld information and the injury complained of in the lawsuit.  There is documentation from physicians, as well as Thomas' own testimony, that she sustained injuries to the right side of her face, neck, arm, hip, leg, and lower back in the 2008 car accident,[71] and additionally injuries to her left shoulder and cervical area, trapezius, back strain, and neck pain due to the 2009 accident.[72]  Thomas now alleges that, as a result of her fall on the Hercules, she injured her lumbar spine, cervical spine, and right hip.[73]

The court in *Brown* found a sufficient causal connection between a pre-existing lumbar strain and a herniated-disc which was the result of an employment related injury because it was in the "same region."[74]   Hercules is not required to demonstrate that Thomas' prior injuries are the sole cause of her present injures.[75]  Thomas' argument that her "vague, low back pain complaints"[76] are not causally connected to the alleged present injuries does not create a material issue.  Thomas sought medical treatment due to the back pain resulting from her prior injuries.[77]  Unlike the plaintiff in *Parker v. Jackup Boat Service, LLC.*, a case relied on by Thomas, in this case Defendants presented

---

[70] *Brown*, 410 F.3d at 175.
[71] Rec. Doc. 18-18, p. 1.
[72] Rec. Doc. 18-22, pp. 1-2.
[73] Rec. Docs. 18-2, p. 1, 18-5, p. 2.
[74] *Brown*, 410 F.3d at 175.
[75] "There is no requirement that a present injury be identical to a previous injury.  All that is required is a causal link between the pre-existing disability that was concealed and the disability incurred during the voyage." *Brown*, 410 F.3d at 176(quoting *Quiming v. Int'l Pac. Enters, Ltd.*, 773 F.Supp. 230, 236 (D. Haw. 1990)).
[76] Rec. Doc. 21.
[77] Rec. Docs. 18-2, p. 1, 18-5, p. 2.
40096

uncontroverted medical evidence that Thomas sustained prior injuries to the same region of her body which she claims was injured when she fell on board the Hercules.[78] The summary judgment evidence establishes a causal connection sufficient to satisfy the third prong of the *McCorpen* defense. Defendant's *Motion for Partial Summary Judgment on Maintenance and Cure* is GRANTED.[79]

### III. CONCLUSION

For the reasons assigned, Defendants' *Motion for Partial Summary Judgment on Liability*[80] is GRANTED. Defendants' *Motion for Partial Summary Judgment on Maintenance and Cure*[81] is GRANTED.

Defendants' *Motion for Partial Summary Judgment on Maintenance and Cure* is DENIED as moot,[82] and Plaintiff's *Motion to Strike*[83] and *Motion for Expedited Hearing*[84] are each DENIED as moot.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on July 26, 2017.

*[signature: Shelly D. Dick]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[78] 542 F.Supp. 2d 481, 493 (E.D. La. 2008); *See also*, Rec. Docs. 18-2, p. 1, 18-5, p. 2.
[79] Rec. Doc. 18.
[80] Rec. Doc. 17.
[81] Rec. Doc. 18.
[82] Rec. Doc. 34.
[83] Rec. Doc. 35.
[84] Rec. Doc. 36.
40096